IN THE
## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
**PEORIA DIVISION**

| | | |
|---|---|---|
| DARIUS R. MCGEE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cv-1086-JBM |
| | ) | |
| J.E. KREUGER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER & OPINION

This matter is before the Court on the Petitioner's Motion For Reconsideration Pursuant to Federal Rule of Civil Procedure 59 (Doc. 4). For the reasons that follow, the motion is DENIED.

### LEGAL STANDARDS

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant clearly establishes that the court made a manifest error of law or fact, or presents newly discovered evidence. *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). A manifest error is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted).

### BACKGROUND

On December 23, 2009, Petitioner pled guilty to a single count of distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1). *United States v. McGee*, No. 3:08-cr-50037-1 (N.D. Ill.). The Court found that Petitioner qualified as a Career Offender

pursuant to §4B1.1 of the United States Sentencing Guidelines ("Guidelines") and attributed an offense level of 34 to him. After a three level reduction for acceptance of responsibility pursuant to § 3E1.1 of the Guidelines, Petitioner was given a total offense level of thirty-one and a criminal history category of VI for thirty-one aggregated criminal history points, which yielded him a guidelines imprisonment range of 188 to 235 months. The sentencing court then sentenced Petitioner to a term of imprisonment of 264 months, which was above the guidelines range that corresponded to Petitioner's offense level and criminal history category. (Doc. 68, *United States v. McGee*, No. 3:08-cr-50037-1, Order of the Seventh Circuit affirming Judgement of District Court). Petitioner's Plea Agreement contained the following caveat: "It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as set forth above." (*See* Doc. 46 at 17, *United States v. McGee*, No. 3:08-cr-50037, Plea Agreement). The maximum statutory sentence for the offense to which Petitioner pled was actually 480 months imprisonment. (*See* Doc. 46 at 10, *United States v. McGee*, No. 3:08-cr-50037, Plea Agreement).

Petitioner appealed his sentence to the United States Court of Appeals for the Seventh Circuit on the grounds that his sentencing court had erred in denying a motion he had made under 18 U.S.C. § 3582(c)(2) to reduce his sentence based on a retroactive change to the offense levels for crack cocaine offenses. *United States v. McGee*, 530 F. App'x 574 (7th Cir. 2013). The district court had denied that motion on the ground that Petitioner was sentenced as a career offender and thus the change to offense levels did not affect his guidelines range. *Id*. His sentence was affirmed. *Id*.

Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, correct or set aside his sentence on November 24, 2010. In it, he argued that he received ineffective assistance of counsel because his trial counsel failed to object to the amount of drugs at issue, which had the effect of exposing him to an inflated offense level and thus an inflated sentence range. (Doc. 1, No. 3:10-cv-50305, *United States v. McGee*). The court denied Petitioner's claim in a minute entry on the ground that it was barred by his Plea Agreement. (Doc. 3, No. 3:10-cv-50305, *United States v. McGee*).

On February 21, 2017, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) arguing that relief under § 2255 was insufficient or ineffective. Petitioner argued that his sentencing court improperly found him to be a career offender under §4B1.1 of the Guidelines. He expressly relied on *Hinkle v. United States*, 832 F.3d 569 (5th Cir. 2016), in arguing that two of his drug convictions do not qualify as "controlled substance offenses" as that term is defined in §4B1.2 of the Guidelines.

On March 6, 2017, this Court entered an Order and Opinion denying the petition on the ground that it did not satisfy the requisites for a federal prisoner to forego use of a motion to vacate a sentence under 28 U.S.C. § 2255. (Doc. 2 at 5). The Court also observed that the relief requested by Petitioner if given, would likely have no effect on his sentence anyway. (Doc. 2 at 6). Petitioner now contends that the Court erred in its treatment of his petition in three ways. First, he contends that he did not rely on *Hinkle v. United States*, 832 F.3d 569 (5th Cir. 2016) in support of his petition, but rather that he relied upon *Mathis v. United States*, 136 S. Ct. 2243 (U.S. 2016). Second, he contends *Mathis* is retroactive. Third, he states the Court erred in

3

observing that giving him the relief requested would not have any actual impact on his sentence. As explained below none of these alleged points of error are sufficient to warrant reconsideration.

## DISCUSSION

Petitioner's first point—that he did not rely on *Hinkle v. United States*, 832 F.3d 569 (5th Cir. 2016) in support of his petition—is flat out wrong. He unambiguously argued in his petition that *Hinkle* commanded the relief he sought. (Doc. 1 at 1 ("Mr. McGee invokes the savings clause provision to obtain relief based on the recent decision of *Hinkle v. United States*..."), at 3 ("In Mr. McGee's case, Section 2255 for a second or successive motion does not provide an avenue through which a petitioner could rely on for the *Hinkle v. United States* decision."), at 4 ("Petitioner holds that predicate(s) 1 and 2 , do not qualify as a 'controlled substance offense' in light of *United States v. Hinkle*...."), and at 6 ("Based on this, Petitioner holds that he is actually innocent of the Career Offender enhancement as, with the holdings of *Hinkle* and the improper application of the predicate(s), Petitioner actually has only 0 predicate convictions that could be used for enhancement purposes and so could not have been sentenced with this enhancement.")). To now argue that he did not rely on *Hinkle* is completely baseless, and frankly, insulting. In any case, this point of alleged error does not warrant reconsideration. *Hinkle* is non-binding case on this Court with no retroactive effect and the Court did not err in its treatment of Petitioner's argument based on *Hinkle*.

Petitioner's contention that *Mathis* is retroactive on collateral review is also without merit. Petitioner has produced nothing to counter the fact that the Seventh

4

Circuit—whose pronouncements of the law this Court is bound to follow—held that *Mathis* has not been deemed retroactive by the United States Supreme Court. *Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016) ("*Mathis* has not been declared retroactive by the Supreme Court—nor is it a new rule of constitutional law.").

This Court does not believe *Mathis* is retroactive. First of all, retroactivity analyses deal with <u>new rules</u>. *See Griffith v. Kentucky*, 479 U.S. 314, 328 (1987). "[A] case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government. To put it differently, a case announces a new rule if the result was <u>not dictated by precedent existing at the time the defendant's conviction became final</u>." *Teague v. Lane*, 489 U.S. 288, 301 (1989) (citations omitted) (emphasis added). It is doubtful that *Mathis* even announced a rule inasmuch as it only clarified that an exception to an already established rule could not be applied. The issue before the court in *Mathis* was whether the Armed Career Criminal Act (the "ACCA"), codified at 18 U.S.C. § 924(e), had as an exception to the longstanding general rule that a prior crime qualifies as an ACCA predicate if, and only if, its elements are the same as or narrower than those of the generic offense, even when a defendant is convicted under a statute that lists multiple, alternative means of satisfying one (or more) of its elements. 136 S. Ct. at 2247-48. The Court held that such an exception could not exist under the Court's established precedent. *Id*.

The *Mathis* opinion is replete with references to how its outcome was dictated by the Supreme Court's existing precedent, and thus, not new. For example, the *Mathis* court wrote: "ACCA, <u>as we have always understood it</u>, cares not a whit about

5

[the particular facts underlying a conviction]." 136 S. Ct. at 2248 (emphasis added) citing *Taylor v. United States,* 495 U.S. 575, at 599–602 (1990); *see also* 136 S. Ct. at 2251 ("the elements of Mathis's crime of conviction (Iowa burglary) cover a greater swath of conduct than the elements of the relevant ACCA offense (generic burglary). See *supra,* at 2249 – 2250. Under our precedents, that undisputed disparity resolves this case. We have often held, and in no uncertain terms, that a state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense. See, *e.g., Taylor,* 495 U.S., at 602, 110 S. Ct. 2143. How a given defendant actually perpetrated the crime—what we have referred to as the "underlying brute facts or means" of commission, *Richardson,* 526 U.S., at 817, 119 S. Ct. 1707—makes no difference; even if his conduct fits within the generic offense, the mismatch of elements saves the defendant from an ACCA sentence. Those longstanding principles, and the reasoning that underlies them, apply regardless of whether a statute omits or instead specifies alternative possible means of commission."); at 2253 ("ACCA, as just explained, treats such facts as irrelevant: Find them or not, by examining the record or anything else, a court still may not use them to enhance a sentence. And indeed, our cases involving the modified categorical approach have already made exactly that point."); at 2257 ("Our precedents make this a straightforward case. For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements."). So *Mathis* did not announce a new rule, rather it only clarified when the longstanding rule of *Taylor* applied. *See United States v. Taylor*, No. 16-6223, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016) (holding similarly and collecting cases). The Court has not

6

committed a manifest error of law in its treatment of Petitioner's alleged *Mathis* claim.

Petitioner's third point of alleged error is also without merit. The Court found that Petitioner could not satisfy the requirements of *Davenport*. Therefore, it concluded that § 2241 relief was not available to Petitioner and the petition must be denied pursuant to 28 U.S.C. §§ 2255(e), 2244(a). *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (federal courts are empowered to dismiss summarily any habeas petition that appears legally insufficient on its face). For that reason, the Court's discussion as to why Petitioner's claim failed on the merits, even if incorrect, would not merit reconsideration, as it did not cause the Court to enter judgment against Petitioner.

## CONCLUSION

For the foregoing reasons, the Court finds Petitioner's Motion For Reconsideration (Doc. 4) is DENIED. IT IS SO ORDERED.

Entered this 21st day of March, 2017.

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge

7